THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DE WITT L. GRIFFIN, Appellant.

County Court, Putnam County, December 26, 1935.

*Ticknor & Ticknor*, for the appellant.

*John P. Donohoe, District Attorney*, for the respondent.

BAILEY, J. This is a motion by the defendant to require the justice of the peace to make a return of all proceedings and file the same with the county clerk in order that his appeal may be heard.

The motion is opposed by the district attorney, who submits an affidavit of the justice of the peace to the effect that he has been

advised by the district attorney that it was not necessary for him to file a return because in taking the appeal the defendant had failed to comply with the provisions of sections 749 *et seq.* of the Code of Criminal Procedure.

The appeal was taken within thirty days of the entry of the judgment by filing a notice of appeal with the justice of the peace and serving a copy thereof upon the district attorney. This procedure was in compliance with the provisions of sections 520, 521, 522 and 523 of the Code of Criminal Procedure. In opposing this motion, the district attorney contends that in order to take an appeal from a judgment of a Court of Special Sessions, it is necessary to comply with sections 751 and 752 of the Code of Criminal Procedure, which require the defendant to procure a certificate from either the county judge or a justice of the Supreme Court allowing the appeal.

The defendant relies upon section 520 of the Code of Criminal Procedure, the first sentence of which reads: "All appeals provided for in this chapter may be taken as a matter of right." Sections 521, 522 and 523 set forth when and how such an appeal shall be taken, namely, that it must be taken within thirty days after the judgment was entered by the service of a notice in writing on the clerk with whom the judgment roll is filed and by service upon the district attorney of the county in which the judgment was rendered. Subdivision 4 of section 520 declares that the provisions of this section supersede all other provisions dealing with appeals in criminal actions and proceedings.

The defendant has taken an appeal from the judgment of conviction in strict conformity with certain sections of the Code of Criminal Procedure governing appeals. It is true that there are other sections which, it appears, limit the right to appeal and make additional requirements necessary. It is my opinion, however, that a defendant who stands convicted of a crime should not be prejudiced in appealing from such judgment of conviction because of inconsistent provisions of the statute.

I, therefore, hold that this appeal is properly before the court and the motion is granted.